FLETCHER, Judge.
The plaintiffs, Shigeo Abe, et al, seek reversal of the trial court’s order denying them interest on an allegedly late payment of settlement proceeds. We reverse.
The controlling provision here is section 627.4265, Florida Statutes (1997):
“In any case in which a person and an insurer have agreed in writing to the settlement of a claim, the insurer shall tender payment according to the terms of the agreement no later than 20 days after such settlement is reached. The tender of payment may be conditioned upon execution by such person of a release mutually agreeable to the insurer and the claimant, but if the payment is not tendered within 20 days, or such other date as the agreement may provide, it shall bear interest at a rate of 12 percent per year from the date of the agreement; however, if the tender of payment is conditioned upon the execution of a release, the interest shall not begin to accrue until the executed release is tendered to the insurer.”[1]
The plaintiffs contend that the proceeds were not paid within the statutory time period thus interest is due in accordance with section 627.4265. The defendants argue that the settlement agreement was contingent upon the execution of releases, thus no interest is due under the statute as payment of the $600,000 was timely made, prior to the execution of the release.
We agree with the plaintiffs that the settlement agreement was not conditioned on the execution of releases. The defendant insurance company’s letter of November 25, 1998 states, in its first paragraph:
“This letter will confirm our conversation of' yesterday afternoon wherein I offered the sum of $600,000.00 in full and complete settlement of the claims made by your clients, the Plaintiffs in the Abe litigation. You have accepted, that settlement offer. Please confirm the acceptance in writing with a copy to other counsel.” [e.s.]
The agreement was reached on November 24, 1998 when the defendant insurance company made the offer of $600,000 and the plaintiffs accepted it with no provision for execution of releases, as evidenced by the first paragraph of the insurance company’s letter of November 25,1998.
The second paragraph of the November 25, 1998 letter states:
“Although it may at first sound unwieldy, I would like to obtain a release from each of your clients. Because of the work involved in preparing the release, I will undertake to do that if you will provide me with a list of the names of the clients then we can discuss what information you want to go to them in the mailing. I know everyone will be anxious to try and resolve this as soon as possible as I would like to work toward getting this done before the end of the year.” [e.s.]
This second paragraph further makes it clear that the settlement agreement was not contingent on the execution of releases *1227 as the paragraph is the first mention[2] of executed releases and lies outside the agreement evidenced by the first paragraph. Further, the author of the letter is merely expressing his desire for executed releases, not attempting to demand them — which he could not do in any event in light of the agreement reached on November 24, 1998, as set forth in the first paragraph.
The settlement agreement was not conditioned upon the execution of releases. Section 627.4265 thus requires the payment of interest for late payment of the $600,000.
Reversed and remanded for further proceedings consistent herewith.

. The settlement proceeds were to be paid on behalf of the defendants by National Union Fire Insurance Company of Pittsburgh, PA.

. "It may at first sound unwieldy ...” [e.s.]